## No. 11,520.

### BURTIS *v.* CITY of MONTROSE.

Decided May 10, 1926.   Rehearing denied June 15, 1926.

Plaintiff in error was convicted of violating a city meat inspection ordinance.

### *Reversed.*

### *On Application for Supersedeas.*

1. MUNICIPAL CORPORATIONS—*Food Inspection.*   A wholesaler whose meats had been inspected by the federal government, held not subject to inspection charges under a city ordinance excepting such meats from city inspection.

2. *Ordinances—Food Inspection.*   The contention that federal inspection of meats mentioned in a city ordinance applied only to interstate shipments, which limitation should be read into the ordinance, overruled.

### *On Rehearing.*

3. MUNICIPAL CORPORATIONS—*Ordinances—Food Inspection.*   Clause of a city ordinance forbidding sale of meat unless inspection is made or approved by the city inspector, held inapplicable to federal inspection.

*Error to the County Court of Montrose County, Hon. L. C. Kinikin, Judge.*

Messrs. MOYNIHAN, HUGHES & KNOUS, for plaintiff in error.

Mr. HENRY W. CATLIN, for defendant in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was convicted of violating an ordinance of the city of Montrose by operating a wholesale butcher shop without paying the required inspection fee. He was fined $60 and costs. To review that judgment he brings error and asks that the writ be made a supersedeas. Both parties request final decision on this application.

Section 3 of the ordinance forbids any person selling, or keeping or offering for sale, any meat not inspected by the city inspector, "unless the meat shall bear the meat inspection brand or mark of the United States Department of Agriculture." Section 6 provides that every dealer shall keep his place and equipment clean and sanitary. Section 8 adds that the meat shall be so kept, and makes it the duty of the local inspector to visit such places and condemn and destroy any unfit food there found. Section 11 makes it the duty of the local inspector to enforce the ordinance. Section 12 fixes the charges "for inspection as herein required," at a certain variable sum per animal, but "if any of the above inspected be in or for a slaughter house or butcher shop," then, "the same shall not be paid for by the head," but each such establishment "shall pay each year, for such inspection $60.00."

The evidence shows, and the fact is undisputed, that all meats handled by defendant came within the above quoted exception in section 3, i. e., had all been inspected and marked by the federal government. We are therefore of the opinion that defendant was not subject to any of the inspection charges enumerated in section 12. The trial court held that "federal inspection only applies

to meats shipped inter-state." That limitation is not found in the ordinance and can not be read into it.

It should be observed that nothing herein contained relieves defendant from the obligation imposed by sections 6 and 8, or interferes with the duties imposed upon the local inspector by sections 8 and 12. We simply hold that said section 3 expressly exempts defendant from the payment of any inspection fee provided by the ordinance.

The judgment is accordingly reversed with directions to the trial court to enter judgment for defendant.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE ADAMS concur.

### On Rehearing.

MR. JUSTICE BURKE.

THE portion of section 3 of the ordinance quoted in our opinion is followed by a phrase we did not insert, the whole reading: "Unless the meat shall bear the meat inspection brand or mark of the United States Department of Agriculture, or of municipalities where food inspection is maintained, or of the State of Colorado, and of which the Milk and Food Inspector shall have approved."

On petition for rehearing it is said we overlooked the phrase "and of which the Milk and Food Inspector shall have approved," which applies to federal inspection. We did not overlook it, but did not make clear our conclusion concerning it. We do not construe the last quoted language as applying to federal inspection.

Rehearing denied.